**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHELLE ADAME and REFUGIO ADAME, Jr.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY d/b/a AMERICAN EDUCATION SERVICES, INC.,**<br><br>**Defendant.** | Case No.: 17-cv-01456<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. MICHELLE ADAME ("Ms. Adame") and REFUGIO ADAME, Jr. ("Mr. Adame," together the "Plaintiffs") bring this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY d/b/a AMERICAN EDUCATION SERVICES,

INC. ("Defendant" or "AES") in negligently and/or intentionally contacting Plaintiffs on their cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. In 2015, the Federal Communications Commission noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

4. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiffs reside in this judicial district, the harm to Plaintiffs occurred within the State of California, and Defendant is subject to personal jurisdiction in this judicial district as it conducts business there.

## PARTIES

5. Plaintiffs are, and at all times mentioned herein were, citizens and residents of the State of California, County of Los Angeles. Plaintiffs, as natural persons, are, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153(39) and used in 47 U.S.C. § 227(b)(1)(A).

6. Plaintiffs are informed and believe, and thereon allege, that Defendant is a Pennsylvania corporation with its principal place of business in Harrisburg, Pennsylvania.

Kazerouni Law Group, APC
Costa Mesa, California

7. As a corporation, Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8. AES Services guarantees and services a variety of federal and private student loan products for its lending partners throughout the nation.

9. According to the website, http://www.excite.com/education/services/american-education-services, "AES has been servicing all states and regions and ensures that a standard approach is taken while evaluating, justifying and providing loans to the eligible students."

10. There are many consumer complaints against AES on online forums concerning the frustrating and harassing debt collection activities of AES as it relates to private student loans.

## FACTUAL ALLEGATIONS

11. Sometime in or around August of 2007, Ms. Adame obtained a private student loan from AES (originally under Charter One Bank, N.A.) to attend college. Ms. Adame's father was a co-signatory to the loan.

12. The contact telephone number listed on the loan application was a landline telephone number for Ms. Adame.

13. Neither Ms. Adame nor Mr. Adame listed their respective cellular telephone number on the private loan application.

14. AES obtained the cellular telephone numbers for Ms. Adame and Mr. Adame by unknown means.

15. Subsequent to the execution of the loan initiation documentation, and beginning in or around the Summer of 2012, Defendant began making numerous telephone calls to Ms. Adame's cellular telephone ending in "2234" for the purpose of debt collection, without Ms. Adame's prior express consent.

16. Additionally, subsequent to the execution of the loan initiation documentation, and within the four years prior to the filing of this action, Defendant began making numerous telephone calls on to Mr. Adame's cellular telephone ending in "9475" for the purpose of debt collection, without Mr. Adame's prior express consent.

17. Defendant would place the above-mentioned calls from telephone numbers such as 800-233-0557, 717-720-2000 and 877-894-3885.

18. On more than one occasion, including on or about April 3, 2014, Ms. Adame expressly revoked any consent that Defendant may have had to call her cellular telephone as well as the cellular telephone of Mr. Adame, yet the calls to Ms. Adame and Mr. Adame continued.

19. On or about December 21, 2016, the representative for AES by the name of Ciara informed Ms. Adame that the calls were made using an automated dialer. Ms. Adame also spoke with a supervisor by the name of Jeffrey who confirmed that AES used an automated dialer to place calls.

20. Defendant continued to make frequent calls to Ms. Adame and Mr. Adame through at least January of 2017, and the calls are continuing to date.

21. Following at least one of the requests by Ms. Adame for AES to stop calling, AES placed at least approximately 80 calls to Ms. Adame's cell phone, as well as dozens of calls to Mr. Adame's cell phone.

22. Upon information and belief, Defendant used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), and an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A), to place the calls to Plaintiffs.

23. Upon information and belief, the telephone equipment used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. Upon information and belief, the telephone equipment used by Defendant has the capacity to dial telephone numbers automatically from a stored list or database without human intervention.

25. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26. These telephone calls from Defendant were unwanted by Plaintiffs.

27. Through Defendant's aforementioned conduct, Plaintiffs suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

28. Plaintiffs were personally affected by Defendant's aforementioned conduct because Plaintiffs were frustrated and distressed that, Defendant interrupted and harassed Plaintiffs with numerous unwanted automated calls.

29. Defendant's calls forced Plaintiffs to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance, lost time and reduced cell phone battery life.

30. The telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. Plaintiffs did not provide Defendant or its agent prior express consent to receive calls to her cellular telephone, including by means of an ATDS and/or artificial or prerecorded voice message, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

32. These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1)(A)(iii).

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

35. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

37. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

39. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///
///

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs the following relief against Defendant:

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Costs;
- Prejudgment interest; and,
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: February 22, 2017            Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**

                                        By: _s/ Abbas Kazerounian_
                                               ABBAS KAZEROUNIAN, ESQ.
                                               AK@KAZLG.COM
                                               ATTORNEYS FOR PLAINTIFF

Additional Plaintiffs' Counsel

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Kazerouni Law Group, APC
Costa Mesa, California